UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BOBBY GREEN, SR.; as administrator<br>of the estate of KAYLA M. GREEN | : | CIVIL ACTION NO. 2:17-cv-1184 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| KROGER COMPANY, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 18] filed by defendant Kroger

Company ("Kroger") in response to the personal injury suit brought by decedent Kayla M. Green

("Green") and currently maintained by Bobby Green, Sr. ("plaintiff") in his capacity as

administrator of her estate. Plaintiff opposes the motion [doc. 23], which is now ripe for review.

Also before the court is a Motion to Amend [doc. 20], filed by plaintiff and opposed by Kroger.

### I.
### BACKGROUND

This action arises from a fall suffered by Green on March 12, 2017, at a Kroger store in

Lake Charles, Louisiana. Doc. 1, att. 4, p. 2. Green asserts that she slipped in a wet substance while

shopping, fell back, and hit her head. *Id.* As a result she sustained "severe personal injuries,"

including neck and back pain and headaches, dizziness, and blurred vision. *Id.* at 3. She further

maintains that there were no signs warning that the floor was wet, and that Kroger is therefore

liable for failing to provide a safe passage or warn customers of the unreasonable risk of harm. *Id.*

at 2–3.

Green filed suit against Kroger and its insurer in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on April 8, 2017. *Id.* at 1–4. Kroger then removed the action to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Green committed suicide in February 2018 and the plaintiff (her father) was substituted as plaintiff in his capacity as administrator of her estate. Docs. 13, 16; *see* doc. 13, att. 2 (providing cause of death).

Kroger now moves for summary judgment, asserting that plaintiff has no evidence that it behaved negligently with respect to any condition that caused Green's accident. Doc. 18, att. 2. Plaintiff opposes the motion. Doc. 23. Plaintiff has also filed a motion to amend the complaint and add a wrongful death claim, because he maintains that Green suffered head trauma in the accident and that this trauma increased her risk of suicide. Doc. 20; doc. 20, att. 2. Kroger opposes the motion. Doc. 25.

## II.
### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*,

896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state.[1] *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

---

[1] Plaintiff's counsel contends that Kroger has misrepresented the law by citing cases such as *Erie*, supra, and Rule 56 of the Federal Rules of Civil Procedure, when legal research databases show that these sources of law "are cautioned and distinguished by other case citings." Doc. 23, p. 5. He thus maintains that "it is clear defendant uses cases that may be problematic" and that "only 4 [of 12 cases cited by defendant] are still used as good law." *Id.* This argument is unpersuasive, and the court finds no basis for questioning the cases relied on by Kroger.

Kroger argues that plaintiff's suit fails because he cannot satisfy the third element of the LMLA. Doc. 18, att. 2, pp. 7–9. "To survive a motion for summary judgment, a plaintiff must submit 'positive evidence' that a merchant created or had actual or constructive notice of the conditions that allegedly caused a plaintiff's damages." *Perez v. Winn-Dixie Montgomery, LLC*, 2019 WL 1367526, at *2 (E.D. La. Mar. 26, 2019) (quoting *Duncan v. Wal-Mart La., LLC*, 863 F.3d 406, 410 (5th Cir. 2017)). To show "constructive notice" under the LMLA, the plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. Rev. Stat. § 9:2800.6(C)(1). An employee's presence near the condition "does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.* Accordingly, plaintiff bears "an onerous burden" in satisfying this element of his claim. *Scott v. Dillard's, Inc.*, 169 So.3d 468, 472 (La. Ct. App. 5th Cir. 2015).

Plaintiff alleges that Green slipped in a "significant amount" of water in the beverage aisle. Doc. 23, p. 4. He further maintains that Kroger created this condition and had both actual and constructive knowledge of it. *Id.* at 7–8. His evidence includes photographs, an incident report, and medical records reflecting that Green slipped in a wet substance on the floor of the aisle.[2] *See* doc. 23, atts. 2, 5, & 6. There is no evidence, however, of how long the condition existed, what the source of the spill was, or whether any employee observed the condition before Green's fall.

Plaintiff maintains that Kroger has offered inconsistent responses on the existence of video evidence of the accident, leading to a presumption that the evidence exists and would be favorable

---

[2] In the incident report, prepared the day after the accident, Kroger manager Terry Comer states that there is "no evidence of liquid on the aisle." Doc. 23, att. 5, p. 2. He admits in the description of incident, however, that Green slipped in a wet substance in that aisle. *Id.* Photographs produced by Kroger also show Green lying on the ground, near a small area of water with tracks possibly made by her cart, while Kroger employees stand nearby. Doc. 23, att. 2. The evidence is not sufficiently persuasive on the amount of water present, its source, or how long it existed prior to Green's alleged encounter with it to create an issue of fact on the defendant's notice of the condition or role in creating it.

to Green's case. Doc. 23, pp. 6–7. To this end he offers counsel's letter to Sedgwick Claims, the company that investigated the accident for Kroger. *See* doc. 23, att. 3. In the letter counsel notes that his client's claim was denied based on that company's investigation and that it is "[his] understanding that there is a video as well as witnesses to Ms. Green's slip and fall." *Id.* Accordingly, he requests a copy of the incident report and any statements produced. *Id.* Plaintiff does not produce any response to this letter. Instead he alleges in his brief that Kroger's adjuster communicated to counsel's paralegal that "video evidence would only be forthcoming once suit was filed." Doc. 23, pp. 6–7. In discovery responses, however, Kroger states that "the cameras . . . did not capture the area of Ms. Green's alleged fall." Doc. 23, att. 4, p. 3.

Even if plaintiff offered adequate support for the paralegal's assertion, the alleged statement from the adjuster does not indicate that relevant video evidence existed – only that any video evidence would not be produced unless a suit was filed. There is no conflict between this statement and Kroger's discovery responses. Plaintiff also fails to show that any witness statements were withheld. There is thus no basis for presuming that favorable evidence exists but was withheld or destroyed. Plaintiff's evidence only shows that Green appears to have slipped in a Kroger aisle and that employees observed water in that aisle after the incident. This is insufficient to show that the spill existed and was obvious enough to support a finding of constructive notice, much less that Kroger had actual notice and/or created the condition. Accordingly, Kroger has successfully established that plaintiff cannot sustain a required element of his claim and it is entitled to summary judgment. The Motion to Amend should likewise be denied due to plaintiff's inability to show a basis for Kroger's liability.

## IV.
### CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [doc. 18] will be **GRANTED**, the Motion to Amend [doc. 20] will be **DENIED**, and the suit **DISMISSED WITH PREJUDICE**, at plaintiff's cost.

**THUS DONE AND SIGNED** in Chambers this 8 day of July, 2019.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**