# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **BOBBY GREEN, SR.; as administrator of the estate of KAYLA M. GREEN** | **CASE NO. 2:17-CV-01184** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KROGER CO., ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Reconsideration [doc. 33] filed under Federal Rules of Civil Procedure 60(b)(1) and (6) by plaintiff Bobby Green, Sr. Mr. Green requests that the court reverse its Memorandum Ruling and Judgment of July 8, 2019, granting summary judgment to defendant Kroger Company ("Kroger") for the suit he maintained under the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6, on behalf of decedent Kayla M. Green.[1] *See* docs. 31, 32. The suit related to injuries that Ms. Green sustained after slipping in liquid in an aisle at a Kroger store. Kroger opposes the motion. Doc. 35.

The court granted summary judgment after finding that Mr. Green could not support an essential element of his claim under the LMLA – that the merchant either created or had actual or constructive notice of the hazardous condition – because there was no evidence of how long the liquid had been in the aisle, what the source of the spill was, or whether

---

[1] Ms. Green died by suicide after the suit was filed and Mr. Green, her father, was substituted as plaintiff in his capacity as administrator of her estate. Docs. 13, 16.

any employee had observed the condition before Ms. Green's fall. Doc. 31, pp. 3–4. The court also rejected Mr. Green's assertion of spoliation, based on his allegations that Kroger had offered inconsistent responses on the existence of video evidence relating to the accident. *Id.* at 4–5. As the undersigned noted, plaintiff failed to show any such statements and so there was no basis for presuming that favorable evidence was withheld. *Id.*

Mr. Green now moves for reconsideration, alleging that the court's ruling was in error because (1) the defendant failed to fully respond to his request for production of video evidence and (2) he disputes what the existing evidence shows as to the liquid in the aisle, and maintains that further evidence could have revealed enough to carry his burden under the LMLA. Doc. 33.

Kroger urges that, because this motion was filed within the time for seeking relief under Rule 59(e), it should be considered under that rule. Doc. 35, pp. 2–3. Rule 59(e) allows the court to alter or amend a judgment. A motion under this rule must be filed within 28 days of entry of judgment. "[C]ourts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010). Because Green has presented his arguments under Rule 60(b), however, the court will evaluate the motion under both rules to determine if either offers a basis for relief.

Rule 60(b) provides several grounds for granting relief from a final judgment, order, or proceeding, including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6). The district court may use Rule 60(b)(1) to correct its own mistake, "but only to rectify an obvious error of law,

apparent on the record." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987). Otherwise, it should not substitute for "the ordinary method of redressing judicial error—appeal." *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 696 (5th Cir. 1983). Rule 60(b)(6) is "commonly referred to as a 'grand reservoir of equitable power to do justice,' [but] is only invoked in 'extraordinary circumstances.'" *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010). Meanwhile, relief under Rule 59(e) is appropriate (1) where there has been an intervening change in controlling law; (2) where the movant presents newly discovered and previously unavailable evidence; or (3) "to correct a manifest error of law or fact." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Only the final basis is potentially relevant here. Like Rule 60, Rule 59(e) provides an extraordinary remedy that should be used sparingly. *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It should not be used to urge arguments "which could, and should, have been made before the judgment [issued]." *Rosenszweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (internal quotations omitted).

Mr. Green shows Kroger was only partially responsive to his request for production of video evidence, answering his request for "video/audio of the incident of March 12, 2017 and any and all videos of the store at the time of the incident" with "There is no video footage of the alleged accident." Doc. 33, att. 3. He also disputes the court's determination as to the amount of water in the aisle based on the photographs he submitted. Finally, he complains that ambulance attendants, who recorded that Ms. Green was "lying on floor in store in spilled water" when they arrived, "were not deposed because it could not be

accomplished once the motion for summary judgment was pressed." Doc. 33, att. 1, p. 2; *see* doc. 23, att. 6, p. 6 (Acadian Ambulance report).

Mr. Green did not file a motion to compel based on Kroger's discovery responses or move to delay summary judgment under Rule 56(d) based on unavailability of evidence. Kroger's partial response to the request for production is insufficient to show that it has withheld any relevant evidence in this matter. The court reviewed the photographs and other records on which plaintiff relied, and found that they did not create an issue of fact as to Kroger's actual or constructive notice of the liquid or its role in creating the hazard. Mr. Green shows neither error justifying relief under Rule 60(b)(1) or 59(e) nor extraordinary circumstances justifying relief under Rule 60(b)(6). Accordingly, the Motion to Reconsider must be denied.

**THUS DONE** in Chambers on this ____4____ day of ____Sept____, 2019.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE